[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISSOLVE ATTACHMENT AND VACATE ORDER
Sylvia Rosenbaum requests this court to order the removal of an encumbrance on her real estate which was created when she agreed with the parties to this lawsuit, New England Business Advisors, Inc. and Jay-Arr Slimwear, Inc., that her property could be used as security for any judgment which might enter in favor of New England Business Advisors, Inc. For the reasons stated below, the application is denied.
At the time the encumbrance was created, Sylvia Rosenbaum's husband, Jack Rosenbaum, was the chief executive officer and sole shareholder of Jay-Arr Slimwear, Inc. His company's personal property had been attached by New England Business Advisors, Inc. Sylvia and Jack Rosenbaum agreed that their home, which was owned by Sylvia Rosenbaum, could be used a substitute security. Sylvia Rosenbaum signed an agreement which provided for the substitution of security. Pursuant to the terms of the agreement, the parties filed the agreement on the land records. New England Business Advisors, Inc. relied on the agreement and released its attachment of the personal property owned by Jay-Arr Slimwear, Inc. Sylvia Rosenbaum is an intelligent person, who graduated from Tufts University. The court concludes she knowingly and voluntarily signed the agreement. She is now estopped from claiming the encumbrance is invalid.
The court is concerned that the summary proceeding conducted in this case is not the proper procedural vehicle for addressing the issues raised by Sylvia Rosenbaum. She is not a party to this lawsuit. While the plaintiff and defendant agreed that she could intervene for purposes of presenting her claim with respect to the encumbrance, their agreement does not alter the statutes pertaining to prejudgment remedies. Conn. Gen. Stats. 52-278a et seq. Only a party to a lawsuit has the right to contest a prejudgment remedy which secures a claim made by another party to the lawsuit. These statutes do not confer upon a non-party the right to request the court to void a contract made with the parties. Sylvia Rosenbaum's remedy is an action to quiet title, see Conn. Gen. Stats. 52-31, as opposed to a motion to dissolve a prejudgment remedy. CT Page 5013
The motion to dissolve the encumbrance is denied.
THIM, JUDGE